753 S.E.2d 544

In the Matter of Scott Christen **ALLMON**, Respondent

**Appellate Case No. 2013–002446.**

**No. 27350.**

Supreme Court of South Carolina.

Submitted Nov. 22, 2013.

Decided Jan. 15, 2014.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Scott Christen Allmon, of Easley, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension of no less than nine (9) months to no more than three (3) years. He requests any period of suspension be made retroactive to January 16, 2013, the date of his interim suspension. *In the Matter of Allmon,* 402 S.C. 224, 741 S.E.2d 694 (2013). In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline. He further agrees to complete all terms of his criminal sentence, including payment of restitution and completion of probation, prior to filing a Petition for Reinstatement. Finally, respondent agrees to complete the Legal Ethics and Practice Program Ethics School prior to reinstatement. We accept the Agreement and suspend respondent from the practice of law in this state for one (1) year, retroactive to the date of his interim suspension. In addition, we impose the conditions as stated hereafter in this opinion. The facts, as set forth in the Agreement, are as follows.

### Facts

Respond self-reported his arraignment on an information alleging a violation of 18 U.S.C. § 1001(a), alleging he knowingly and willfully made a false, fraudulent, and fictitious material statement to a federal agency. Specifically, respondent was accused of indicating on a settlement statement that a purchaser made a $15,000 deposit towards the purchase of property when no deposit had been made. Respondent later waived indictment and pled guilty without a plea agreement. On August 8, 2013, he was sentenced to five (5) years of probation and ordered to pay a $100 assessment and $134,999.95 in restitution to the lender.

Although not specifically indicated in the information or during the guilty plea, respondent falsely attributed the payment of the $15,000 to the purchaser who was his wife. The purchase was for property located in a now defunct subdivision. Respondent explains he had provided legal service for the subdivision's developer and was owed a substantial amount of money in legal fees. The day before the closing, the developer advised respondent that his wife was required to make a 10% earnest money deposit. Respondent had previously been told the purchase would be 100% financing and replied that it would take two weeks to get the earnest money deposit. Anxious to close the loan, the developer proposed treating the earnest money deposit as an exchange of services and said they could "settle up" any outstanding amount owed at the end of the project. Respondent proceeded with the developer's proposal even though he knew it rendered the settlement statement false and misleading.

### *Law*

■ Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 4.1(a) (in course of representing client, lawyer shall not make false statement of material fact to third person); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to the administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it is ground for discipline for lawyer to violated Rules of Professional Conduct); Rule 7(a)(4)(it is ground for discipline for lawyer to be convicted of a serious crime); and Rule 7(a)(5) (it is ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or bring the courts or legal profession into disrepute).

### *Conclusion*

■ We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for one (1) year, retroactive to the date of his interim suspension. Respondent shall complete all terms of his criminal sentence, including payment of restitution and completion of probation, prior to filing a Petition for Reinstatement. Further, respondent shall provide proof of completion of the Legal Ethics and Practice Program Ethics School to the Commission prior to his reinstatement, if any, to the practice of law. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.